**LAW OFFICES OF MICHAEL TRACY**
2030 MAIN STREET, SUITE 1300
IRVINE, CALIFORNIA 92614
TELEPHONE: 949.260.9171
FACSIMILE: 866.365.3051

MICHAEL L. TRACY  CA BAR NO. 237779
MEGAN ROSS HUTCHINS  CA BAR NO. 227776
ATTORNEYS FOR PLAINTIFF AND COUNTER-DEFENDANT DANA WILBER

**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3409
TELEPHONE: 415.434.4484
FACSIMILE: 415.434.4507

JOHN H. DOUGLAS CA BAR NO. 178966
KRISTY KUNISAKI CA BAR NO. 241005
ATTORNEYS FOR DEFENDANT AND COUNTER-CLAIMANT
SILGAN CONTAINERS CORPORATION

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA WILBER, AN INDIVIDUAL | CASE NO. 2:06-cv-2181-MCE-EFB |
| PLAINTIFF, | |
| VS. | **STIPULATED PROTECTIVE ORDER** |
| SILGAN CONTAINERS CORPORATION, A DELAWARE CORPORATION AND DOES 1-50, | **JUDGE: HON. MORRISON ENGLAND** |
| DEFENDANTS. | |
| SILGAN CONTAINERS CORPORATION, A DELAWARE CORPORATION, | |
| COUNTER-CLAIMANT, | |
| VS. | |
| DANA WILBER, AN INDIVIDUAL | |
| COUNTER-DEFENDANT | |

1  The parties to this action, by and through their undersigned counsel, do hereby
2  agree and stipulate to entry by the court of a protective order as follows:

## STIPULATION

The parties to this action, Dana Wilber ("Plaintiff"), and Defendant Silgan Containers Corporation ("Defendant") (hereinafter collectively the "parties") by and through their undersigned counsel, do hereby agree and stipulate to entry by the Court of a Protective Order as follows:

1.  The Protective Order shall remain in full force and effect unless and until modified by an Order of this Court or by filed, written stipulation of the parties. This Protective Order shall survive and remain in full force and effect after the termination of this action, including related appeals and retrials. This Court shall retain jurisdiction to issue any further orders that may be required to enforce this Protective Order. This Protective Order shall be without limitation of the rights of any party or non-party to apply to the Court for relief from this Protective Order, or for such further or additional protective orders as the Court may deem appropriate.

2.  Any and all business, financial, or other information that is personal or confidential in nature to a party or any of their agents or employees or former agents or employees in the course of the litigation of this action by any party or by an entity subpoenaed by a party, shall be used by the parties solely for purposes of this action. Such information shall hereafter be referred to as "confidential information." The term confidential information shall include documents, including, but not limited to, any writing, tangible object, videotape, computer tape, computer disk, interrogatory answer, transcript of deposition testimony, and request for admission or response thereto containing confidential information, and shall include all copies, descriptions, summaries, notes and abstracts which contain, or are derived from, confidential information. For example, documents such as interview notes, disciplinary notes, financial statements, meeting notes and minutes, reports to management, employee personnel files, and

confidential business information, proprietary or otherwise, are illustrative of the types of information that is confidential and private. However, neither documents nor the information contained therein are confidential to the extent said documents or information has been made public or is available from other public sources.

     3.    Documents which a party asserts contain confidential information shall be marked "CONFIDENTIAL" by the party or, in the case of documents produced by others or portions of deposition transcripts, may be designated in writing by the party to whom the information is personal and confidential as "CONFIDENTIAL," and shall thereafter be marked "CONFIDENTIAL" by the other party. In the event a party disputes that documents designated by the opposing party as "CONFIDENTIAL" fall within the scope of this stipulation and order, the disputing party shall have the obligation (1) to meet and confer relative to such dispute and (2) thereafter to obtain an order holding such documents not to be within the scope of this stipulation and Protective Order before disclosure of said documents may be made to persons other than those designated in paragraph 4.

     4.    By designating a document, thing, material testimony, or other information derived therefrom as confidential under the terms of this order, the party making the designation is certifying to the Court that there is a good faith basis both in law and fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

     5.    Absent a court order, confidential information produced pursuant to this order shall be made available only to: (1) the Court and its officials, including court and deposition reporters; (2) counsel for a party; (3) a party, or an officer, director, employee or agent of a party deemed necessary by counsel to aid in the prosecution, defense or settlement of this action; (4) officials of government agencies; and (5) and to "QUALIFIED PERSONS" designated below:

     A.    Actual or prospective experts or consultants (and their clerical staff) retained or consulted by counsel to assist in the prosecution, defense, or settlement of this action;

B. A non-party witness at any interview, deposition or other proceeding, so long as the non-party witness is only shown (and does not retain any copies of) any confidential information; or

C. Any other person as to whom the parties in writing agree.

6. Prior to receiving any confidential document or information subject to this Protective Order, each QUALIFIED PERSON listed in section 5.A above shall be provided a copy of this Protective Order and required to execute a nondisclosure agreement in the form of Attachment A. Prior to receiving any confidential document or information subject to this Protective Order, each QUALIFIED PERSON listed in sections 5.B or C above shall be provided a copy of this Protective Order and requested to execute a nondisclosure agreement in the form of Attachment A. If such person declines to execute a nondisclosure agreement, the parties will meet and confer regarding what measures, if any, to take before such information is shown to such person.

7. Documents designated confidential or any pleading or motion papers referring to, describing, quoting, or incorporating such confidential information or confidential documents, and all portions of deposition transcripts containing confidential information, shall be filed under seal with the following label placed upon the envelope or package containing such confidential information:

"CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER. This contains confidential information. Disclosure or use of such information is governed by a Court order."

8. For the convenience of the parties, the Clerk and the Court, or a party filing any pleading in this Court where such pleading contains confidential information and non-confidential information may (but will not be required to) file the entire pleading under seal.

9. Upon the termination of this action and demand of counsel for the parties, any other party shall assemble and return to the producing party all documents, material, and deposition transcripts designated as CONFIDENTIAL, and all copies of same, or

shall certify the destruction thereof.

10. Nothing in this Order or the production of any information or documents under the terms of this Order shall be deemed to be an admission or waiver by any party.

11. The parties shall meet and confer in advance of any trial of this matter regarding methods for introduction of confidential materials at trial and will agree to submit any unresolved differences regarding such treatment to the Court for determination in advance of trial.

12. Nothing in this Order or the production of any information or documents under the terms of this Order shall be deemed to be a waiver of any party's right to seek to introduce or preclude the introduction of evidence at trial consistent with the Federal Rules of Evidence.

This stipulation and order applies to all confidential information and confidential documents previously produced in this action.

DATED: DECEMBER 27, 2006                THE LAW OFFICES OF MICHAEL L. TRACY
                                        MICHAEL L. TRACY
                                        MEGAN ROSS HUTCHINS

                                         /S/ MEGAN ROSS HUTCHINS
                                        ATTORNEYS FOR PLAINTIFF AND
                                        COUNTER-DEFENDANT DANA WILBER

Dated: December 27, 2006                FOLEY & LARDNER LLP
                                        JOHN H. DOUGLAS
                                        KRISTY KUNISAKI


                                         /S/ KRISTY KUNISAKI
                                        ATTORNEYS FOR DEFENDANT
                                        AND COUNTER-CLAIMANT
                                        SILGAN CONTAINERS CORPORATION

## ORDER

**This Protective Order shall terminate automatically upon the final disposition of this case without any further order of the court.**

**DATED: January 4, 2007**

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

**Attachment A**

### CONFIDENTIALITY AGREEMENT

I, the undersigned, hereby certify that I have read the Protective Order entered in the United States District Court, Eastern District of California, Case No. 2:06-CV-02181-MCE-EFB, entitled *Dana Wilber v. Silgan Containers Corporation*.

I understand the terms of the Protective Order. I agree to be bound by such terms and submit to the personal jurisdiction of the United States District Court for the Eastern District of California with respect to any proceeding related to the enforcement of this Protective Order, including any proceedings related to contempt of Court. I will not disclose Protected Information designated "CONFIDENTIAL" to anyone other than persons specifically authorized by the Protective Order and I agree to return all such materials which come into my possession to counsel from whom I received such materials.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Name: _____

Company or Firm: _____

Address: _____

Telephone No.: _____

Relationship to this action and its parties: _____

_____

_____

Dated: _____     Signature: _____